Mr. Fred Toler Executive Director Texas Commission on Law Enforcement Officer Standards and Education 1606 Headway Circle, Suite 100 Austin, Texas 78754
Re: Whether a public security officer employed by the state or a political subdivision is subject to licensing by the Commission on Law Enforcement Officer Standards and Education (RQ-1809)
Dear Mr. Toler:
You ask whether a public security officer employed by the state or a political subdivision is subject to licensing by the Commission on Law Enforcement Officer Standards and Education.
In Attorney General Opinion JM-878 (1988) it was noted that the commission is charged with the responsibility of licensing public security officers and that the commission has established a set of licensing standards. See 37 T.A.C. § 211.101.
Public security officer is defined in section 415.001 of the Government Code, as follows:
 `Public security officer,' for the purposes of this Act, means any person employed or appointed as an armed security officer by the state or any political subdivision of the state, but does not include security officers employed by private security companies who contract with the state or any political subdivision of the state to provide security services for the entity. (Emphasis added.)
 Your concern is directed to instances where the legislature omits the word "armed" in authorizing the state or a political subdivision to employ "public security officers." You suggest that in such instances, the grant of authority to employ public security officers implies that the person will be armed.
It is impossible for us to formulate a rule that will apply to every statute authorizing the state or political subdivision to employ a public security officer. Each statute in question has to be examined to ascertain the intent of the legislature. We can, however, answer your question in regard to the specific statute you mention, article 1187f, V.T.C.S.
Article 1187f as amended by Senate Bill 844, see Acts 1989, 71st Leg., ch. 867, at 3858 (effective June 14, 1989), authorizes the board of a harbor and port facility in establishing a port security force "to employ one or more public security officers licensed by the Commission on Law Enforcement Officer Standards and Education."
The amendment to article 1187f appears to have been in response to Attorney General Opinions JM-742 (1987) and JM-878 (1988). Attorney General Opinion JM-742 concluded that the Port of Houston Authority did not have the requisite authority to hire "armed security guards" since law enforcement activities on the authority's property were statutorily limited to commissioned peace officers. Attorney General Opinion JM-878 concluded that the commission had no authority to license public security officers employed by the Port of Houston Authority since the authority was not statutorily empowered to hire this class of officers. After noting the statutory definition of public security officer, the opinion stated that the commission would have licensing authority if the Port of Houston were permitted to hire public security officers.
The purpose of the amendment as stated in the bill analysis to Senate Bill 844 provides:
 SB 844 amends existing law to specifically authorize harbor and port facility boards to employ public security officers licensed by the Commission on Law Enforcement Standards and Education.
We believe that the legislature in providing harbor and port boards with authority to employ public security officers licensed by the commission evidenced an intent that the officers appointed or employed be armed security officers, since this is the only class of security officers subject to being licensed by the commission.
 SUMMARY
A public security officer employed by the board of a harbor and port facility pursuant to article 1187f, V.T.C.S., as amended by the 71st Legislature, is an armed security officer subject to licensing by the Commission on Law Enforcement Standards and Education.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
Prepared by Tom G. Davis